**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| NANCY M. HEFFNER, ) | |
| ALTON J. HEFFNER ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
|     vs. ) | |
| ) | Case No.  1:17-CV-75 |
| RAJESH MALHOTRA, M.D. ) | |
| Serve:  Dr. Rajesh Malhotra,  M.D. ) | |
|        20300 Civic Center Drive ) | |
|        Southfield, Michigan   48076 ) | |
| ) | |
|     and ) | |
| ) | |
| TUSK ENTERPRISES, LLC ) | |
| Serve:  Joseph Brunson ) | |
| 2000 E. Lamar Blvd. #250 ) | |
| Arlington, Texas   76006 ) | |
| ) | |
|     and ) | |
| ) | JURY TRIAL DEMANDED |
| RHINO MEDICAL STAFFING, LLC ) | |
| Serve:  Patrick Eskew ) | |
|        2000 E. Lamar Blvd. #780 ) | |
|        Arlington, Texas  76006 ) | |
| ) | |
|     Defendants. ) | |

**COMPLAINT – MEDICAL MALPRACTICE**

COMES NOW Plaintiff Nancy Heffner and for her cause of action against Defendants

Rajesh Malhotra, M.D., Tusk Enterprises, LLC and Rhino Medical Staffing, LLC and states as

follows:

**PARTIES**

1.    Plaintiffs are residents and citizens of the State of Missouri.

2.    Defendant Rajesh Malhotra, M.D., was a physician, licensed by the State of

Missouri, and had a physician-patient relationship with Nancy Heffner at all times relevant hereto.  As such, Defendant Malhotra had the duty to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the medical profession in delivering medical care and treatment to Nancy Heffner.  On information and belief, Defendant Malhotra is a citizen and resident of the State of Michigan.  On further information and belief, Defendant Malhotra was an employee and/or agent at all relevant times of Defendants Tusk Enterprises LLC, and Rhino Medical Staffing, LLC.

3.      Defendant Rhino Medical Staffing, LLC is a Texas corporation, organized and existing under the laws of the State of Texas. Defendant Rhino Medical Staffing is a healthcare physician recruitment and staffing agency.

4.      Defendant Tusk Enterprises LLC is a Texas corporation, organized and existing under the laws of the State of Texas. Defendant Tusk Enterprises is a healthcare and physician recruitment and staffing agency.

5.      Defendants Rhino Medical Staffing LLC and Tusk Enterprises LLC fill temporary and permanent medical staff vacancies nationwide. Defendant Rhino Medical Staffing specifically holds itself out on its website as a "healthcare staffing partner instead of a vendor service."  At all relevant times, Defendants Rhino Medical Staffing LLC, Tusk Enterprises LLC and Rajesh Malhotra, M.D., were agents of one another.

**JURISDICTION AND VENUE**

6.       Jurisdiction is proper in this Court because the Plaintiff and the Defendants are citizens and domiciliaries of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Venue is proper in this Court because the Plaintiff resides in this

District, was injured in this District, and the events causing Plaintiffs' injuries have all occurred in this District.

## COUNT I - MEDICAL NEGLIGENCE

COMES NOW Plaintiff Nancy Heffner for Count I of her Complaint and states as follows:

7.      Plaintiff herewith adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 6 of this Complaint, the same as if fully herein set forth.

8.      On or about March 27, 2013, Nancy Heffner went to St. Francis Hospital due to shortness of breath and chest pain.   St. Francis Hospital at that time performed tests that showed that Plaintiff Nancy Heffner was suffering from Pulmonary Hypertension.   Plaintiff Nancy Heffner was referred back to her treating physician, Defendant Rajesh Malhotra, M.D. and Sikeston Family Medical Center for follow up care and treatment for the conditions demonstrated by Plaintiff Nancy Heffner's test results from St. Francis Hospital.

9.      In compliance with St. Francis Hospital's directive Nancy Heffner made an appointment to see Defendant Dr. Malhotra and appeared in his offices for follow up advice, care and treatment.  Rather than advising Ms. Heffner that the test results demonstrated symptoms of pulmonary hypertension, and advising her of all of the dangers and risks inherent in that diagnosis and prescribing a course of treatment, Defendant Rajesh Malhotra, M.D. sexually assaulted Ms. Heffner causing her to leave his office without being advised of her condition or being treated in any way for her conditions.

10.      After leaving Defendant Malhotra's office Plaintiff Nancy Heffner contacted the Prosecuting Attorney of Scott County Missouri and advised him of the assault.  The Prosecuting Attorney thereafter filed a charge of sexual assault against Defendant Malhotra.   Defendant

Malhotra was thereafter found guilty of the charge of sexually assaulting Nancy Heffner beyond a reasonable doubt based upon a plea of guilty.  Throughout the course of that prosecution, or the period of Defendant Malholtra's probation, neither Defendant Malhotra nor anyone on his behalf notified Plaintiff Nancy Heffner of the conditions from which Nancy Heffner was suffering. Plaintiff was thereby left totally unaware of the test results or the severity of her conditions.

11.     In November of 2016 Ms. Heffner began treatment with Paul H. Holcomb, M.D. who upon review of the test results from St. Francis Hospital advised Plaintiff Nancy Heffner that she has been suffering from Pulmonary Hypertension since 2013 as demonstrated by the tests at St. Francis Hospital. Since that time, Ms. Heffner has been found to be terminally ill from pulmonary hypertension and her life expectancy reduced from approximately fifteen (15) years had she been properly notified and treated for the condition to a two (2) to five (5) year life expectancy.

12.     As a direct and proximate result of Defendants' negligence as set forth above, Nancy Heffner has in the past and will in the future sustain damages as follows:

(a)     The pain and suffering suffered by Nancy Heffner from the time of the neglect of her condition to the present and into the foreseeable future;

(b)     The loss of income Nancy Heffner would have generated had she been properly advised of and treated for Pulmonary Hypertension and other related conditions;

(c)     The lost chance of survival for many years had Nancy Heffner been properly advised of and treated for Pulmonary Hypertension and other related conditions;

(d)     Emotional distress;

(e)     Medical expenses.

13.     The damage caps for non-economic losses contained in §538.210 RSMo 2015 are unconstitutional for the following reasons:

(a)     The caps deprive the Plaintiff of his right to trial by jury in violation of Article I, Section 22(a) of the Missouri Constitution;

(b)     The caps violate state and federal Constitutional equal protection provisions.  See Mo. Const. art. I, §2; U.S. Const. amend.XIV;

(c)     The caps violate Article III, Section 40 of the Missouri Constitution which forbids special laws;

(d)     The caps violate the separation of powers mandated by Article II, Section 1 of the Missouri Constitution;

(e)     The caps violate procedural due process and the "open courts" provision of the Missouri Constitution, which states: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." Mo. Const. art. I, §14.

14.     Defendant's conduct as set forth above was willful, wanton, malicious, and/or exhibited a conscious disregard or reckless indifference for the rights and physical well-being of Plaintiff, thereby entitling Plaintiff to punitive damages to punish Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff Nancy Heffner prays judgment against Defendants Tusk Enterprises, LLC, Rhino Medical Staffing LLC and Rajesh Malhotra, M.D., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for her actual damages, and for punitive damages in an amount sufficient to deter Defendants and others similarly situated from

like conduct in the future, for her costs, prejudgment and post judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT II-NEGLIGENT HIRING

COMES NOW Plaintiff Nancy Heffner and for her cause of action against Defendants Tusk Enterprises, LLC, Rhino Medical Staffing, LLC and Rajesh Malhotra, M.D. states as follows:

15.     Plaintiff Nancy Heffner herewith adopts by reference each and every allegation contained in paragraphs 1 – 14 of this Complaint, the same as if fully herein set forth.

16.     On information and belief, Defendant Malhotra had previously demonstrated similar misconduct and dangerous proclivities in his past, prior to the abuse of Plaintiff. Defendants' Rhino Medical Staffing, LLC and Tusk Enterprises knew or should have known of Defendant Malhotra's dangerous proclivities and that these proclivities made it foreseeable that he would sexually abuse one of his patients.  Therefore, Defendants' Tusk Enterprises, LLC and Rhino Medical Staffing, LLC's negligence in light of the foregoing was the proximate cause of Plaintiff Nancy Heffner's injuries.

17.     On information and belief, Defendant Malhotra's misconduct was consistent with prior misconduct of Defendant Molhotra and his dangerous proclivity exhibited by prior acts of misconduct in the State of Texas.

18.     As a direct and proximate result of Defendants' negligence as set forth above, Nancy Heffner has in the past and will in the future sustain damages as follows:

    (a)     The pain and suffering suffered by Nancy Heffner from the time of the neglect of her condition to the present and into the foreseeable future;

    (b)     The loss of income Nancy Heffner would have generated had she been properly advised of and treated for Pulmonary Hypertension and other related conditions;

    (c)     The lost chance of survival for many years had Nancy Heffner been properly advised of and treated for Pulmonary Hypertension and other related conditions;

    (d)     Emotional distress;

    (e)     Medical expenses.

19.    Defendants' conduct as set forth above was willful, wanton, malicious, and/or exhibited a conscious disregard or reckless indifference for the rights and physical well-being of Plaintiff, thereby entitling Plaintiff to punitive damages to punish Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Nancy Heffner prays judgment against Defendants Tusk Enterprises LLC and Rhino Medical Staffing LLC in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for her actual damages, and for punitive damages in an amount sufficient to deter Defendants and others similarly situated from like conduct in the future, for his costs, prejudgment and post judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUT III – NEGLIGENCE

20.    Plaintiff herewith adopts by reference each and every allegation contained in paragraphs 1 – 19 of this Complaint, the same as if fully herein set forth.

21.     It was reasonably foreseeable to Defendants Tusk Enterprises LLC and Rhino Medical Staffing LLC that providing a physician with Defendant Malhotra's dangerous proclivities could result in him sexually abusing patients such as Plaintiff Heffner.

22.     Defendants Tusk Enterprises LLC and Rhino Medical Staffing LLC owed their medical clients, and the patients of those clients, a duty to exercise reasonable care in reviewing the background of physicians and to provide information regarding dangerous proclivities to potential medical providers who sought to hire such physicians.

23.     On information and belief, Defendants Tusk Enterprises LLC and Rhino Medical Staffing LLC failed to properly review the background of Defendant Malhotra and/or failed to disclose material information relating to Defendant Malhotra's dangerous proclivities, and were thereby negligent.

24.     As a result of this negligence, Plaintiff Nancy Heffner was injured.

25.     As a direct and proximate result of Defendants' negligence as set forth above, Nancy Heffner has in the past and will in the future sustain damages as follows:

(a)     The pain and suffering suffered by Nancy Heffner from the time of the neglect of her condition to the present and into the foreseeable future;

(b)     The loss of income Nancy Heffner would have generated had she been properly advised of and treated for Pulmonary Hypertension and other related conditions;

(c)     The lost chance of survival for many years had Nancy Heffner been properly advised of and treated for Pulmonary Hypertension and other related conditions;

(d)     Emotional distress;

(e)     Medical expenses.

26.     Defendants' conduct as set forth above was willful, wanton, malicious, and/or exhibited a conscious disregard or reckless indifference for the rights and physical well-being of Plaintiff, thereby entitling Plaintiff to punitive damages to punish Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Nancy Heffner prays judgment against Defendants Tusk Enterprises LLC and Rhino Medical Staffing LLC in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) as and for her actual damages, and for punitive damages in an amount sufficient to deter Defendants and others similarly situated from like conduct in the future, for his costs, prejudgment and post judgment interest, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT IV – LOSS OF CONSORTIUM

COMES NOW Plaintiff Alton J. Heffner and for his cause of action against Defendant Tusk Enterprises, LLC, Rhino Medical Staffing, LLC and Rajesh Malhotra, M.D. states as follows:

27.     Plaintiff Alton J. Heffner herewith adopts by reference each and every allegation contained in paragraphs 1 – 26 of this Complaint, the same as if fully herein set forth.

28.     Plaintiff Alton J. Heffner and Plaintiff Nancy Heffner were married on September 14, 2007 and have remained husband and wife since that time.

29.     As a direct and proximate result of the severe untreated conditions sustained by Nancy Heffner, as set forth above, and caused by Defendants, Plaintiff Alton J. Heffner has been deprived of the healthy affection, society, companionship and support of his wife, Nancy Heffner, all to his damage.

WHEREFORE, Plaintiff Alton J. Heffner prays judgment against Defendants Tusk Enterprises, LLC, Rhino Medical Staffing, LLC and Rajesh Malhotra, M.D. in an amount in excess of $75,000.00, for his costs and for such other and further relief as the Court deems just and proper, the premises considered.

DOWD & DOWD, P.C.

By:____/s/ Richard K. Dowd_____
       Richard K. Dowd (33383MO)
       Alex R. Lumaghi (56569MO)
       Attorneys for Plaintiff
       211 North Broadway, Suite 4050
       St. Louis, Missouri   63102
       (314) 621-2500
       (314) 621-2503 Fax
       rdowd@dowdlaw.net